UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EDNA MITCHELL-MIRANDA,

Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CORRECTIONS; CORRECTIONS
OFFICERS BENEVOLENT ASSOCIATION; HEALTH
MANAGEMENT DIVISION, NEW YORK CITY
DEPARTMENT OF CORRECTIONS; DR. LOWE
H.M.D.; DR. SACH H.M.D.; CAPTAIN BARRETT,
H.M.D.; CAPTAIN HEWLETT O.B.C.C.; CAPTAIN
SPENCER O.B.C.C.; OFFICER BROCKINGTON
O.B.C.C.; OFFICER JENNINGS O.B.C.C.; CAPTAIN
REGISTER O.B.C.C.; ALLEN BLAKE, CORRECTIONS
OFFICERS BENEVOLENT ASSOCIATION; DPW
MOORE O.B.C.C.; and OFFICER LEWIS H.M.D.,

Defendants.

------------------------------------------------------------------------ x

**ANSWER OF THE
SERVED CITY
DEFENDANTS**

08-Civ.-4031 (JGK)(NKF)

Defendants CITY OF NEW YORK ("City"), NEW YORK CITY DEPARTMENT OF CORRECTIONS ("DOC"), and the DOC's HEALTH MANAGEMENT DIVISION, NEW YORK CITY DEPARTMENT OF CORRECTIONS ("HMD"), (collectively, the "Served City Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the complaint ("Complaint"), respectfully allege as follows:

       1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth in this paragraph.

       2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as set forth in this paragraph and to set forth the basis of

jurisdiction and respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the City of New York ("City") is a municipal corporation, duly organized and existing under the Constitution and laws of the State of New York.

5.      Deny the allegations set forth in paragraph "5" of the Complaint and respectfully refer the Court to New York City Charter §§ 621, et seq., and New York City Administrative Code §§ 9-101, et seq., for a complete and accurate statement of the powers and duties of the Department of Correction of the City of New York ("DOC").

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the Health Management Division ("HMD") is a division within the DOC and respectfully refer the Court to DOC Directive #2258R-A for a complete and accurate statement of the duties and responsibilities of the HMD.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Sandra Lowe is a physician at the HMD.

8.      Deny the allegations set forth in paragraph "8" of the Complaint.

9.      Deny the allegations set forth in paragraph "9" of the Complaint except admit that Cynthia Barrett is a Captain at the DOC and currently assigned to the HMD.

10.      Deny the allegations set forth in paragraph "10" of the Complaint except admit that Zaylenea Hewitt is a Captain at the DOC and currently assigned to the Otis Bantum Correctional Center ("OBCC").

11.    Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Arthur Spencer is a Captain at the DOC and currently assigned to the OBCC.

12.    Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Cynthia Brockington is a Correction Officer ("C.O.") at the DOC and currently assigned to the OBCC.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning an alleged "Officer Jennings" set forth in paragraph "13" of the Complaint.

14.    Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Kimberly Regester is a Captain at the DOC and currently assigned to the OBCC.

15.    Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Cynthia Brockington is a C.O. at the DOC and currently assigned to the OBCC.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.    Deny the allegations set forth in paragraph "17" of the Complaint, except admit that the Corrections Officer Benevolent Association ("COBA") is the Union representing certain DOC employees.

18.    Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Mincie Lewis is a C.O. at the DOC and currently assigned to the HMD.

19.    Deny the allegations set forth in paragraph "19" of the Complaint, except admit that: (1) plaintiff was sworn in as, and appointed to, C.O. and commenced her probationary employment at the DOC on June 2, 2005; (2) plaintiff graduated from the DOC's Correction Academy on or about September 9, 2005; (3) plaintiff was assigned to the OBCC and

commenced working there on September 12, 2005; and (4) plaintiff sometimes worked the 0700 to 1531 hours tour of duty at the OBCC; and deny knowledge or information sufficient to form a belief as to which tour plaintiff actually worked on September 12, 2005.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit that on January 17, 2006, plaintiff attended her scheduled appointment at HMD with Dr. Lowe and that, at the DOC, sick code #19 relates to pregnancy and #17 relates to colds and the flu.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that on January 27, 2006, plaintiff telephoned the HMD and that during the telephone call plaintiff was advised that she was scheduled to appear at 10:00 A.M. the following day for an appointment at the HMD.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except admit that plaintiff appeared at approximately 10:00 A.M. on January 28, 2006, for her scheduled appointment at the HMD and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "[a]nother [unnamed] individual within the examination room."

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint, except admit that October 23 and October 24, 2006 were some of plaintiff's scheduled days off at the DOC.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged appointment at the "Prison Health Services Clinic of OBCC" or her alleged visit to Mount Sinai of Queens Emergency Department.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint, except admit that on April 19, 2007, plaintiff went to the HMD.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that while at the HMD on April 19, 2007, plaintiff was referred to Dr. Duca and that plaintiff was seen by Dr. Duca at the HMD on April 23, 2007.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that plaintiff applied for at least seven (7) steady posts identified in the following DOC Job Vacancy Bulletins: (1) #59/06; (2) #216/06; (3) #217/06; (4) #11/07; (5) #195/06; (6) #194/06; and (7) #196/06; and respectfully refer the Court to the cited Job Vacancy Bulletins for a complete and accurate statement of their contents.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, except admit that March 27, 2007, is the last day that plaintiff reported to work at the DOC.

37.     In response to the allegations set forth in paragraph "37" of the Complaint, the Served City Defendants repeat and reallege the responses set forth in paragraphs "1" through "36" as if fully set forth here.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     In response to the allegations set forth in paragraph "39" of the Complaint, the Served City Defendants repeat and reallege the responses set forth in paragraphs "1" through "38" as if fully set forth here.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     In response to the allegations set forth in paragraph "41" of the Complaint, the Served City Defendants repeat and reallege the responses set forth in paragraphs "1" through "40" as if fully set forth here.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     In response to the allegations set forth in paragraph "43" of the Complaint, the Served City Defendants repeat and reallege the responses set forth in paragraphs "1" through "42" as if fully set forth here.

44.     Deny the allegations set forth in paragraph "44" of the Complaint insofar as they concern the Served City Defendants, except deny knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they concern all other defendants.

45.     In response to the allegations set forth in paragraph "45" of the Complaint, the Served City Defendants repeat and reallege the responses set forth in paragraphs "1" through "44" as if fully set forth here.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47.    In response to the allegations set forth in paragraph "47" of the Complaint, the Served City Defendants repeat and reallege the responses set forth in paragraphs "1" through "46" as if fully set forth here.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

## AS AND FOR A FIRST DEFENSE:

49.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE:

50.    The Court lacks subject matter jurisdiction, in whole or in part, over the Complaint.

## AS AND FOR A THIRD DEFENSE:

51.    The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

## AS AND FOR A FOURTH DEFENSE:

52.    The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A FIFTH DEFENSE:

53.    The DOC is not a suable entity.

## AS AND FOR A SIXTH DEFENSE:

54.    The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A SEVENTH DEFENSE:

55.    Any damages claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.  Any damages sustained by plaintiff were caused by plaintiff's own negligent or culpable conduct.

## AS AND FOR AN EIGHTH DEFENSE:

56.    The Served City Defendants exercised reasonable care to prevent and promptly eliminate any sexually harassing behavior.

## AS AND FOR A NINTH DEFENSE:

57.    Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the City to its employees or to otherwise avoid harm.

## AS AND FOR A TENTH DEFENSE:

58.    The City of New York is not liable under cases such as Faragher v. Boca Raton, 524 U.S. 775 (1998) and Burlington Industries v. Ellerth, 524 U.S. 742, 754 (1998).

## AS AND FOR AN ELEVENTH DEFENSE:

59.    Individual defendants are not subject to suit under Title VII or the Americans with Disabilities Act and, thus, these claims must be dismissed as against any individually named defendants.

**WHEREFORE,** the Served City Defendants respectfully request judgment dismissing the Complaint and denying all relief requested therein, entering judgment for the Served City Defendants, and granting the Served City Defendants costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            July 18, 2008

                                        **MICHAEL A. CARDOZO**
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for the Served City Defendants
                                        100 Church Street, Room 2-124
                                        New York, New York 10007-2601
                                        (212) 788-0860
                                        RAnderso@law.nyc.gov

                    By:      _____
                                        Robert J. Anderson
                                        Assistant Corporation Counsel

To:     **ANDREW J. SCHATKIN**
        Attorney for Plaintiff
        350 Jericho Turnpike
        Jericho, New York 11753

## CERTIFICATE OF SERVICE

I, **ROBERT J. ANDERSON**, hereby certify that, on July 18, 2008, I caused a true and correct copy of the foregoing Served City Defendants' **ANSWER** to the Complaint to be served upon plaintiff's counsel, by ECF and in a prepaid postage envelope first-class mail, addressed to

**ANDREW J. SCHATKIN**
350 Jericho Turnpike
Jericho, New York 11753,

that being the address that plaintiff's counsel designated for receipt of such material.

Dated:        New York, New York
              July 18, 2008

_____
**ROBERT J. ANDERSON**

08-Civ.-4031 (JGK)(NKF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDNA MITCHELL-MIRANDA,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

## ANSWER OF THE SERVED CITY DEFENDANTS

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for Served City Defendants
100 Church Street, Room 2-124
New York, New York 10007-2601

Of Counsel:    Robert J. Anderson
Tel No.:        (212) 788-0860

Law Dep't Matter No.: 2008-019440

*Due and timely service is hereby admitted.*

Dated: New York, N.Y. ................, 2008

Attorney for ..................

Signed: ..................